**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **LEROY THOMAS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No.  CIV-11-06-R |
| | ) | |
| | ) | |
| **VIRGINIA BECK, in her personal and official** | ) | |
| **capacities, DALE CABLE, inhis personal and** | ) | |
| **official capcaties, and CAPTAIN SCOTT** | ) | |
| **GOSSEN, in his personal and official capacities,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging the deprivation of his rights during a period of detention at the Comanche County Detention Center.  Pursuant to 28 U.S.C. § 636(b)(1)( B), the matter was referred to United States Magistrate Judge Robert E. Bacharach for preliminary review.  On October 14, 2011, Judge Bacharach issued a Report and Recommendation wherein he recommended that the complaint be dismissed for failure to state a claim, and that Plaintiff be granted leave to amend his complaint.  The matter is currently before the Court on Plaintiff's "Motion for A Counsel and Notice of Amend Time Needed," which the Court construes as an objection to the Report and Recommendation and a request for the appointment of counsel.

Judge Bacharach construed Plaintiff's complaint as alleging three claims, denial of court access, unsanitary living conditions, and failure to provide access to policies at the detention center.  Judge Bacharach concluded that Plaintiff failed to state a claim for denial

of access to the Courts because he failed to allege an actual injury as a result of the alleged inadequacies in the legal library. In his objection Plaintiff does nothing to amend or challenge the recommendation in this regard. Accordingly, the Report and Recommendation is adopted in this regard.

With regard to Judge Bacharach's recommendations on the second and third claims for relief, Plaintiff's filing does not challenge his conclusions and recommendations, and accordingly, the Report and Recommendation is adopted with regard to these claims as well.

The primary request in Plaintiff's filing is appointment of counsel. "'The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel.'" *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)). The Plaintiff has not made such a showing at this juncture to justify the appointment of counsel. The Report and Recommendation offers Plaintiff sufficient guidance to assist in the framing of any amended complaint he may choose to file, and the claims he presents are not sufficiently complex so as to warrant the appointment of counsel. The Court therefore denies his request for the appointment of counsel. Plaintiff shall file an amended complaint within thirty days of entry of this order. Failure to do so will result in dismissal of this action without further notice from the Court.

For the reasons set forth herein, the Report and Recommendation is hereby adopted in its entirety, Plaintiff is granted leave to file an amended complaint within thirty days, and Plaintiff's request for the appointment of counsel is denied.

IT IS SO ORDERED this 4th day of November 2011.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE